UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAYNEAN RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1561 |
| | § | |
| JRK PROPERTY HOLDINGS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JRK Property Holdings' Motion to Dismiss Under F.R.C.P. 12(b)(6), Motion to Dismiss For Lack of Jurisdiction, Motion for More Definite Statement 12(b)(6) and Original Answer (doc. 4). Having considered the Motion, the Court find it should be and hereby is **GRANTED** (doc. 4).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Defendant JRK Property Holdings moves the Court to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Def.'s JRK Property Holdings' Mot. to Dismiss Under F.R.C.P. 12(b)(6), Mot. to Dismiss for Lack of Jurisdiction, Mot. for More Definite Statement 12(b)(6) and Orig. Ans. 1.) In looking to Plaintiff's pleadings, the Court finds Plaintiff's Complaint contains solely labels and conclusions. Plaintiff has failed to allege sufficient facts to state a plausible claim to relief. The scarcity of the facts alleged do not suffice under the Rule 8 pleading standard[1]. Thus, because the Rule 8 pleading standard has not been satisfied, the Court finds Defendants Motion to Dismiss should be and hereby is **GRANTED**[2] (doc. 4). Accordingly, Plaintiff's Complaint is hereby **DISMISSED without prejudice**.

---

[1] The Court notes Plaintiff's Complaint additionally incorporates her charge of discrimination filed with the EEOC. (Pl.'s Orig. Compl. and Jury Demand ¶ 4.) While the court may consider such an attachment to a pleading in assessing the motion to dismiss, the discrimination charge only contains more of the same labels and conclusions. (*See id.* at Ex. 1.)

[2] Having thus found Plaintiff's Complaint should be dismissed under Rule 12(b)(6), the Court does not reach a finding as to Defendant's Motion to Dismiss for Lack of Jurisdiction and Defendant's Motion for More Definite Statement.

SO ORDERED.

DATED January 5, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE